IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JEREMY BURNETT | § | |
| VS. | § | CIVIL ACTION NO. 1:24cv230 |
| WELLPATH | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jeremy Burnett, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Wellpath, a corporation whose employees provide medical care to inmates confined within the BOP. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges he was injured in two separate incidents. He states he did not receive proper medical care for the injuries he suffered. Plaintiff asserts his injuries were never medically assessed and that he was denied medical treatment for 53 days. He states employees of the defendant were negligent and committed medical malpractice.

Standard of Review

A lawsuit filed by a prisoner shall be dismissed pursuant to 28 U.S.C. § 1915A if it is frivolous, malicious or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

In *Bivens*, the United States Supreme Court recognized an implied cause of action for damages against federal employees for alleged violations of constitutional rights in limited circumstances. *Bivens*, 403 U.S. at 396. However, the Supreme Court has declined to extend the reach of *Bivens* to allow a cause of action against a corporation providing services under a contract with the BOP. *Correctional Services Corp. v. Malesko*, 543 U.S. 61, 63 (2001). As Wellpath is a corporation providing medical services under a contract with the BOP, Wellpath may not be sued

under *Bivens*. As a result, Plaintiff has failed to state a claim upon which relief may be granted against Wellpath.

## Recommendation

This civil rights lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections to this Report and Recommendation must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 21st day of June, 2024.

_____
Zack Hawthorn
United States Magistrate Judge